**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 2 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ADRIAN PEREZ-CAMPOS,

Defendant-Appellant.

No. 02-6123

---

**Appeal from the United States District Court**
**for the W. District of Oklahoma**
**(D.C. No. CR-01-20-L)**

---

William P. Earley, Assistant Federal Public Defender, Oklahoma City, Oklahoma,
for the Defendant-Appellant.

Randal A. Sengel (Robert G. McCampbell, United States Attorney, and Rozia
McKinney-Foster, Assistant United States Attorney, on the brief), Assistant
United States Attorney, Oklahoma City, Oklahoma, for the Plaintiff-Appellee.

---

Before **LUCERO**, **McWILLIAMS** and **ANDERSON**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

---

Adrian Perez-Campos was convicted of false use of a social security

number in violation of 42 U.S.C. § 408(a)(7)(B).  On appeal, he argues that there

was insufficient evidence for the jury to find him guilty of this offense because he did not possess the requisite intent to deceive. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

On November 27, 2000, Officer Travis David stopped Perez-Campos in Oklahoma City after observing him commit a traffic violation. Perez-Campos informed Officer David that his driver's license had been suspended and that he did not have automobile insurance. After confirming this information through a computer database, Officer David arrested Perez-Campos for driving under suspension and failing to carry insurance. Initiating roadside book-in proceedings, Officer David asked Perez-Campos for his social security number. Perez-Campos responded that he did not have one.

Officer David then transported Perez-Campos to Oklahoma County Jail, where a jail clerk, Jacob Parham, continued through the next steps of the book-in process. Parham subjected Perez-Campos to the Morpho identification system, which required Perez-Campos to place his right index finger on a scanning machine for identification purposes. Officer David testified that when Parham asked Perez-Campos for a social security number, Perez-Campos provided one. Although Parham himself could not specifically recall processing Perez-Campos, he confirmed that the first question he normally asks arrestees is whether they

have ever been in the jail before, and regardless of their answer, requests a social security number for verification purposes. Parham confirmed that he had entered a social security number in Perez-Campos's file, and it is undisputed that Perez-Campos was the one who provided the number to Parham. This number, however, belonged to someone else.

During the next phase of the book-in procedure, Perez-Campos provided accurate information regarding his date and place of birth, occupation, and illegal alien status. In light of this information, the Immigration and Naturalization Service ("INS") was alerted, placed a hold on Perez-Campos, and learned that he had used the same social security number in the past, in connection with his deportation in 1993.

Perez-Campos was charged with and convicted of false use of a social security number in violation of 42 U.S.C. § 408(a)(7)(B). The court sentenced him to a one-month term of imprisonment and imposed a $100 fine.

## II

On appeal, Perez-Campos argues that there was insufficient evidence to sustain his conviction. "The standard of review makes it difficult to prevail on a sufficiency of the evidence claim. Although we review the trial record de novo, we do not reverse if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt." United States v. McPhilomy, 270 F.3d 1302, 1307 (10th Cir. 2001) (quotation omitted).

Section 408(a)(7)(B) provides: "Whoever . . . for any . . . purpose . . . with intent to deceive, falsely represents a number to be the social security account number assigned by the Commissioner of Social Security to him or to another person, when in fact such number is not the social security account number assigned by the Commissioner of Social Security to him or to such other person . . . shall be guilty of a felony." This requires the government to show that defendant (1) for any purpose, (2) with the intent to deceive, (3) represented a particular social security number to be his or another person's, (4) which representation is false. United States v. Darrell, 828 F.2d 644, 647 (10th Cir. 1987).

Other cases that have upheld convictions under this provision have involved the use of a false social security number for the purpose of obtaining something of pecuniary value. See, e.g., United States v. Ellis, 50 F.3d 419, 428 (7th Cir. 1995) (upholding conviction where the defendant used a false social security number in loan and insurance applications); United States v. Sparks, 67 F.3d 1145, 1148–50 (4th Cir. 1995) (same for bank-loan application). In the instant case, defendant's alleged purpose in using the false number was not to obtain something of value, but rather to conceal his identity. This bears no

import, however, as § 408(a)(7)(B) criminalizes the use of a false social security number "for any purpose." See Darrell, 828 F.2d at 648 (upholding conviction where the defendant used a false social security number to hinder police discovery of outstanding warrants for his arrest); United States v. McDow, 27 F.3d 132, 137 (5th Cir. 1994) (same).

Thus, there is no real dispute as to the first element, that Perez-Campos provided the social security number for some purpose. Nor is there any dispute as to the third element, that he represented a social security number to be his, or the fourth, that this representation was false. Rather, this appeal hinges on the second element, whether there is sufficient evidence of an intent to deceive. The government posits that a juror could infer that Perez-Campos intended to deceive with regard to his past criminal history when he provided the false number to the jail clerk. Perez-Campos cites three facts that he claims negate any alleged intent to deceive. First, he points out that upon arrest, he honestly disclosed to Officer David that he did not have a social security number. Second, he cites his willingness to provide accurate information during every stage of the book-in procedure, with the exception, of course, of providing the false social security number. Third, he places great weight on the fact that the false social security number may have facilitated, rather than hindered, discovery of his criminal history and illegal-alien status.

As to Perez-Campos's first argument, we reject the claim that his initial statement to Officer David that he did not have a social security number negates his subsequent false assertion to the contrary. Although his initial statement to Officer David was accurate, this does not preclude the later development of an intent to deceive when Parham requested a social security number at intake for use in the jail database. Cf. Ellis, 50 F.3d at 428 (holding that although the defendant told the arresting officer that he did not know his social security number, this did not prevent a jury from concluding that he intended to deceive when he provided a false social security number on a previous occasion).

Next, we consider Perez-Campos's second claim—that his voluntary and honest disclosure of all other information, with the exception of the false social security number, precludes a finding of any intent to deceive. In United States v. Manning, 955 F.2d 770, 771 (1st Cir. 1992), the defendant used a false social security number in an employment application and again in an application for welfare benefits. On learning of a discrepancy in the defendant's application, the administrator of the local welfare office advised him to clarify the situation with the Social Security Administration ("SSA"). Id. at 772. Taking this advice, the defendant applied for a replacement card with the SSA, accurately providing his name, date and place of birth, and parents' names. His application, however, misstated his social security number again. Id. The defendant was arrested, and

the authorities found in his apartment altered birth certificates and other documents bearing various aliases, in addition to his real social security card. Id. Law enforcement officers also learned that the defendant had two outstanding warrants in another state. Id. Appealing his conviction, the defendant argued that there was insufficient evidence of an intent to deceive because he did not know his correct social security number. Id. Rejecting this claim, the First Circuit concluded that a jury could infer from the evidence that the defendant intended to deceive the authorities as to his identity when he misrepresented his social security number. Id. at 773. Like the defendant in Manning, Perez-Campos accurately stated his name, date and place of birth, and other facts to the authorities. Nonetheless, given his criminal history and immigration status, and his prior use of the same false social security number, a jury could infer that he possessed the requisite deceitful intent when he provided the false number to the jail clerk.

We are also unpersuaded by the fact that the false social security number may have facilitated, rather than hindered, the authorities' discovery of Perez-Campos's criminal history and immigration status. In Manning, the defendant unsuccessfully argued that he did not possess an intent to deceive and that he honestly did not know his social security number. He claimed that he could not have known it because it would be "inconceivable" that he would intentionally

misrepresent his social security number to the Social Security Administration. Id. Similarly, Perez-Campos appears to argue that he did not possess an intent to deceive, claiming that his purpose in using the false social security number could not have been to conceal his past record because the number actually facilitated the authorities' discovery of his criminal history. Whether the use of a false social security number hinders or aids law enforcement officers is not dispositive of the intent inquiry. While the actual effect of the social security number may have been to notify the officers of Perez-Campos's criminal history and illegal-alien status, it does not follow that this necessarily was the intended effect. A rational juror could conclude that Perez-Campos's intent was to conceal his past record, but that this scheme merely backfired. Viewing the evidence, including Perez-Campos's criminal history, immigration status, and prior use of the same false social security number, in the light most favorable to the government—as we must in utilizing the proper standard of review, we hold that a rational juror could infer that Perez-Campos possessed the requisite intent to deceive under § 408(a)(7)(B).

Accordingly, the judgment is **AFFIRMED**.